cc: JMS, filer

Name: Dr. Paul Alpha Grant, PhD
Address: 6274 Ibis ct #B
City, State, Zip: Ewa Beach, HI 96706
Phone: 808-389-2518

ORIGINAL

FILED IN THE
UNITED STATES DISTRICT COURT
DISTRICT OF HAWAII

JUL 18 2025  RR

at 1 o'clock and 15 min. P M
Lucy H. Carrillo, Clerk

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF HAWAII

Paul Alpha Grant, PhD )
)
)
) Civil Case Number(s)
)
Plaintiffs' Name(s) )
) **CV25 00300 JMS RT**
vs. )
)
Greystar Real Estate Partners )
Kapilina Beach Homes )
Conservice, LLC )
)
Defendants' Name(s) )

---

I am filing for an emergency injunctive relief, compensatory and punitive damages for systemic utility fraud, retaliatory eviction, and civil rights violations.

I have ~17,000 digital evidence to proof that they have been defrauding tenants since 2012 to present.

Paul Alpha Grant          [Signature]          7/18/2025
Print Name                Signature            Date

# Executive Summary – Federal Complaint Package

**Plaintiff:** Dr. Paul Alpha Grant
**Defendants:**

- Greystar Real Estate Partners, LLC (Kapilina Beach Homes)
- Conservice, LLC

**Jurisdiction:** United States District Court – District of Hawaii
**Relief Sought:** Emergency injunctive relief, compensatory and punitive damages for systemic utility fraud, retaliatory eviction, and civil rights violations.

## 📄 Core Document:

- **Federal Civil Complaint** (Final Draft)
    - Allegations of utility overbilling fraud
    - Pattern of retaliation including wrongful eviction
    - Denial of services to child
    - Data tampering and cover-up
    - Emergency relief requested due to *immediate* eviction hearing

## 📎 Exhibits Included (Labeled by Hand – "EXH A", etc.):

| Exhibit | Description |
|---|---|
| A | October 1, 2024 utility bill – trigger of investigation |
| B–F | Forensic utility data (Feb–June 2025) – 6274 B Ibis Ave |
| G | Explanation of photo metadata methodology |
| H | Geolocation and authenticity verification from Google Photos |
| I | Histogram – Electric overbilling summary |
| J | Histogram – Water overbilling summary |
| K | Histogram – Gas overbilling summary |

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF HAWAI'I

PAUL ALPHA GRANT, Ph.D.,
Plaintiff, *Pro Se*,

v.

GREYSTAR REAL ESTATE PARTNERS, LLC d/b/a KAPILINA BEACH HOMES;
KAPILINA BEACH HOMES (OWNER), LLC; and
CONSERVICE, LLC,
Defendants.

Case No. _____
(Civil Action – RICO, Consumer Fraud, Retaliation, Spoliation)

## VERIFIED CIVIL COMPLAINT

(Trial by Jury Demanded)

Plaintiff **Dr. Paul Alpha Grant**, pro se, respectfully submits this Verified Complaint against **Greystar/Kapilina Beach Homes** and **Conservice, LLC** for systemic utility overbilling fraud, racketeering, retaliatory conduct, and violations of federal and state consumer protection laws. In support, Plaintiff alleges as follows:

# I. JURISDICTION AND VENUE

1. This Court has subject matter jurisdiction under:
    - 18 U.S.C. § 1964(c) (RICO)
    - 15 U.S.C. § 1692k (FDCPA)
    - 15 U.S.C. § 1681p (FCRA)
    - 28 U.S.C. § 1331 (Federal Question)
2. The Court also has supplemental jurisdiction over related state law claims under 28 U.S.C. § 1367.
3. Venue is proper in this district under 28 U.S.C. § 1391(b) because all Defendants do business in Hawai'i and all material events occurred in this district.
4. Upon information and belief, Kapilina Beach Homes is located on land owned by the United States Navy. The residential development operates under a federal lease arrangement, which places it within federal enclave jurisdiction and raises questions of federal contractor liability. This further supports jurisdiction in this Court.

## II. PARTIES

5. **Plaintiff Paul Alpha Grant**, Ph.D., is a resident of Ewa Beach, Hawai'i, and was at all relevant times a tenant at 6274 B Ibis Avenue within the Kapilina Beach Homes community. Plaintiff has resided at Kapilina since 2012 and has never been late on rent, even after his rent increased by nearly $700 per month.
6. Plaintiff holds a Doctor of Philosophy (Ph.D.) in the Management of Engineering and Technology. His academic training and professional experience qualify him to conduct forensic investigations involving technical data, statistical analysis, and engineering-based systems. A copy of his doctoral degree is attached as **Exhibit K** to affirm his qualifications and competence to conduct the investigation referenced herein.
7. **Defendant Greystar Real Estate Partners, LLC** is a foreign real estate management company that owns and operates residential communities across the United States, including Kapilina Beach Homes in Hawai'i. Greystar is currently facing three class action lawsuits on the mainland related to similar allegations of utility overbilling and tenant abuse. These class actions support a pattern-of-practice theory under RICO, bolstering Plaintiff's claim that the actions in Hawai'i are not isolated but systemic.
8. **Defendant Kapilina Beach Homes (Owner), LLC**, is a Delaware entity managed by Greystar.
9. **Defendant Conservice, LLC**, is a Utah-based company engaged in the business of third-party utility billing and submetering for residential properties, including Kapilina Beach Homes.

## III. FACTUAL ALLEGATIONS

10. In October 2024, Plaintiff received a utility bill from Conservice reflecting grossly inflated usage and charges. This triggered the beginning of a forensic investigation into utility billing practices at Kapilina Beach Homes.
11. Plaintiff began collecting photographic evidence of electric, gas, and water meters across the Kapilina property from February to June 2025. Timestamped photos revealed consistent discrepancies between actual meter readings and charges on Conservice bills.
12. Plaintiff's analysis demonstrated that numerous tenants—including himself—were being billed for utility usage that did not occur, indicating a pattern of fraudulent billing.
13. When confronted with these discrepancies, neither Greystar nor Conservice provided a meaningful response. Discovery requests and direct inquiries went unanswered or were deflected.
14. During this investigation, tenants whose data was collected by Plaintiff reported retaliation. One tenant stated that approximately 30 minutes after his meter was recorded by Plaintiff, Greystar staff arrived to inspect the same meter for the first time in years.
15. A Greystar contractor, when questioned about the meter system, appeared visibly nervous and hesitant to speak on the record, despite assurances that Plaintiff was not associated with law enforcement.

16. Two tenants stated that shortly after their meter data was recorded, they were offered zero utility bills and rent reductions. One elderly tenant received a refund for years of alleged overcharges. Both tenants agreed to testify about these events.
17. One tenant reported that all utility records from her Conservice account had been purged and labeled "gone forever." The only remaining evidence was her bank statement showing payment.
18. In May 2025, Plaintiff issued a formal discovery request to Conservice and Greystar. No response was ever provided.
19. In retaliation, Plaintiff was served with an eviction notice. That notice was issued shortly after the evidence began mounting and was filed in conjunction with public records documenting complaints from other tenants.
20. The retaliatory eviction attempt culminated in a hostile state court hearing where the presiding judge refused to review forensic evidence, in stark contrast to the prior judge who allowed Plaintiff's wife to file independently while abroad.
21. During the course of litigation, Plaintiff's sealed witness list was compromised and downloaded by an unauthorized party. Since then, several tenants on that list have experienced retaliatory actions.
22. These actions constitute not only retaliation but also **spoliation, witness tampering**, and conduct consistent with **racketeering activity** under 18 U.S.C. § 1961.
23. Greystar and Conservice's actions reflect a business model rooted in fraudulent billing and coercion of tenants through silence or selective refunding.
24. On or around May 30, 2025, Plaintiff learned that Greystar attempted to retract an incriminating email that denied access to services for Plaintiff's child. The email recall attempt is evidence of consciousness of guilt and was preserved.
25. Several tenants reported that Greystar began selectively monitoring meters only after Plaintiff's investigation became public, raising suspicion that no proper meter auditing was performed prior.
26. As of July 2025, Plaintiff had collected and organized forensic data from more than 90 tenant units, confirming that this pattern of overbilling is systemic and not confined to one address.
27. Tenants living in fear of retaliation have reported significant anxiety and reluctance to testify unless shielded by protective order.
28. One neighbor noted that within 30 minutes of Plaintiff visiting their unit to collect data, Greystar staff arrived for the first time ever to read their gas meter.
29. This reactive behavior further supports the allegation that utility readings were fabricated, estimated, or ignored entirely until Plaintiff's investigation.
30. Multiple tenants have confirmed on record that after Plaintiff's forensic analysis, Conservice altered billing patterns, refunded charges, or zeroed out bills without explanation.
31. The history of manipulation, purging, and coercion demonstrates willful obstruction, not simple mismanagement.
32. Greystar's hostile litigation posture, in contrast to earlier judicial sympathy, shows deliberate forum manipulation and inconsistent treatment.
33. The emotional toll on Plaintiff, who conducted this investigation while protecting his family from eviction, constitutes further injury under both state and federal standards.

34. These injuries include reputational harm, loss of housing stability, emotional distress, and threat to Plaintiff's professional and academic reputation.
35. Defendants' conduct is in violation of the Racketeer Influenced and Corrupt Organizations Act (RICO), and relevant consumer protection statutes.
36. The fraudulent billing scheme, concealment, and retaliation satisfy the pattern-of-racketeering-activity requirement under 18 U.S.C. § 1962.
37. Plaintiff incorporates all factual allegations above into each cause of action set forth herein.
38. These facts warrant compensatory, punitive, and injunctive relief, as well as immediate judicial oversight.

## IV. CAUSES OF ACTION

(To be inserted: Individual counts for RICO violation, consumer fraud, retaliation, and spoliation.)

## V. PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court:

A. Declare that Defendants engaged in unlawful conduct in violation of RICO, FDCPA, FCRA, and Hawai'i state law.

B. Award compensatory damages in excess of $150 million against Greystar/Kapilina Beach Homes;

C. Award punitive damages in the amount of $6.5 billion to deter future misconduct;

D. Award compensatory damages of $50 million and punitive damages of $100 million against Conservice;

E. Issue a permanent injunction preventing Defendants from billing tenants without transparent and verifiable metering;

F. Order the appointment of an independent receiver to oversee all utility billing and tenant communications;

G. Order a protective order shielding the identity of current and future tenant witnesses;

H. Award costs, attorney's fees, and any other relief the Court deems just and proper.

Respectfully submitted,

*[signature]*

**Dr. Paul Alpha Grant, Ph.D.**
6274 B Ibis Avenue
Ewa Beach, HI 96706
(808) 389-2518
alphakyt@gmail.com
**Plaintiff, Pro Se**

---

## EXHIBIT INDEX

| Exhibit | Description |
| --- | --- |
| A | October 1, 2024 Utility Bill (triggering event of investigation) |
| B | Timestamped Utility Meter Photographs (Plaintiff's unit) |
| C | Conservice Utility Invoices (Feb–June 2025) |
| D | Email Recall Attempt by Greystar (evidence of consciousness of guilt) |
| E | May 1, 2025 Discovery Request to Conservice |
| F | Sworn Tenant Declarations (redacted/anonymized) |
| G | Eviction Notice (issued after investigation began) |
| H | Emergency Motion to Stay Eviction and Forensic Summary |
| I | Histogram Analysis (Oct 2024 vs. Feb–Jun 2025 billed vs. actual usage) |
| J | Evidence of Conservice Purging Tenant Billing Histories |
| K | Copy of Plaintiff's Ph.D. Degree (to establish technical credibility) |